**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DOE et al** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No. 1:26-cv-2990** |
| v. | : | |
| | : | |
| **THE ISLAMIC REPUBLIC OF IRAN et al.** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MOTION TO JOIN THE PENDING MOTIONS FOR ALTERNATIVE SERVICE FOR HEARING AND DECISION PURSUANT TO FED. R. CIV. P. 42(a)(1) AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

## INTRODUCTION

Plaintiffs respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42(a)(1), to join for decision the Motion for Alternative Service pending in this action, ECF No. 6, and the materially identical Motion for Alternative Service pending in *Ocho Doe v. Islamic Republic of Iran*, No. 1:26-cv-01557-CRC, ECF No. 7. Both actions are before this Court. Both motions are unopposed. Both present the same question of law: whether, and by what means, alternative service may be authorized upon Defendant Islamic Revolutionary Guard Corps ("IRGC") under 28 U.S.C. § 1608 where every method the statute prescribes is presently unavailable.

Plaintiffs do not seek consolidation of the actions under Rule 42(a)(2), and do not seek any relief that would merge the two cases, alter any party's rights, or disturb the separate docket, caption, or eventual judgment of either action. The request is limited to the narrowest measure Rule 42(a) affords: a single ruling on two motions that raise one question.

## BACKGROUND

Plaintiffs filed this action on August 25, 2026 under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, against the Islamic Republic of Iran, the IRGC,

and the Ministry of Intelligence and Security ("MOIS"). On September 1, 2026, the Court granted leave to proceed under pseudonym. On September 4, 2026, the Clerk issued three summonses, and Plaintiffs moved for alternative service upon the IRGC. ECF No. 6. The case was reassigned to this Court on September 9, 2026.

*Ocho Doe v. Islamic Republic of Iran*, No. 1:26-cv-01557-CRC, was filed on May 6, 2026 against the same three Defendants under the same statute. It was assigned to this Court on June 5, 2026. The plaintiff in that action moved for alternative service upon the IRGC on September 2, 2026. ECF No. 7.

The two motions are presented on materially identical memoranda and on exhibit sets that overlap almost entirely. Each seeks an order authorizing service upon the IRGC by electronic mail to the Permanent Mission of the Islamic Republic of Iran to the United Nations and to the Iranian Ministry of Foreign Affairs, together with a Farsi translation of each document, under 28 U.S.C. § 1608(b)(3)(C) and, in the alternative, under 28 U.S.C. § 1608(a). The underlying facts differ: the actions arise from different events and are brought by different plaintiffs. In neither action has any Defendant been served or entered an appearance.

## ARGUMENT

### I. Rule 42(a)'s Threshold Is Satisfied Because the Two Motions Present a Common Question of Law

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The threshold is disjunctive. A common question of law alone suffices; factual identity is not required. *See Hall v. Hall*, 584 U.S. 59, 65 (2018).

That threshold is met here on the law prong alone. Both motions turn on a single legal question under 28 U.S.C. § 1608, briefed in materially identical terms, as to the same Defendant.

That the two actions arise from different facts and are brought by different plaintiffs is immaterial: "[i]dentity of the parties is not a prerequisite to consolidation of actions involving a common question of law or fact." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). Once the threshold is crossed, the matter rests in this Court's sound discretion. *See United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Operative Plasterers' & Cement Masons' Int'l Ass'n*, 721 F.3d 678, 689–90 (D.C. Cir. 2013).

## II. Joinder for Hearing Is the Narrowest Measure Rule 42(a) Affords and Works No Merger of the Actions

Rule 42(a) supplies three graduated options, and Plaintiffs invoke only the first. As the Supreme Court explained, "the court may 'join for hearing or trial any or all matters at issue in the actions.' Fed. Rule Civ. Proc. 42(a)(1). Second, the court may 'consolidate the actions.' Rule 42(a)(2)." *Hall*, 584 U.S. at 65. Subsection (a)(1) "permits the joining of cases only for 'hearing or trial'" — a grant meaningfully narrower than consolidation. *Id.* at 74.

Even full consolidation would not merge these actions. "From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id.* at 67. The rule traces to *Johnson v. Manhattan Railway Co.*, 289 U.S. 479 (1933), which held that consolidation "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* at 496–97. *Hall* adopted Judge Learned Hand's formulation: "consolidation does not merge the suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." 584 U.S. at 70.

The D.C. Circuit applies the same principle, holding that "consolidation must not operate to abridge, enlarge or modify the substantive rights parties would have if the cases proceeded

separately." *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am., Inc.*, 808 F.2d 133, 135 (D.C. Cir. 1987). This Court has applied *Hall* directly, explaining that consolidation under Rule 42 "does not automatically cause the 'constituent cases' to lose 'their separate identities.'" *Millers Cap. Ins. Co. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 207 (D.D.C. 2022). And this Court has recognized that the federal courts "treat[] consolidated actions as separate in character, with each requiring a separate judgment." *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014).

That principle matters to Plaintiffs here. Each action must proceed to its own final judgment. If the broader measure of consolidation would leave both cases independent, the narrower measure Plaintiffs request — a joint hearing and ruling on two motions — plainly does so as well. This Court may calibrate the scope of joint proceedings to the circumstances, ordering only the degree of coordination the situation warrants. *See Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 14 (D.D.C. 2007).

### III. Every Discretionary Factor Favors a Single Ruling

The decision is committed to this Court's discretion and reviewed only for abuse of it. *United Bhd. of Carpenters*, 721 F.3d at 689–90. In exercising that discretion, courts in this District "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Colbert v. FBI*, 275 F.R.D. 30, 32 (D.D.C. 2011). More broadly, courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). *Clayton* adds whether judicial efficiency is served, whether "the relief sought varies substantially between the two actions," whether "defendants are being sued in different capacities," and "what would be gained by consolidation and what injury would be suffered by failure to consolidate." 36 F. Supp. 3d at 94.

Each factor points one way. The relief sought does not vary at all: both motions request the same authorization as to the same Defendant by the same means. The Defendants are identical and are sued in identical capacities. There is no discovery, no witness, and no trial implicated — only two fully briefed motions resting on overlapping documentary exhibits. The burden avoided is the drafting of two opinions resolving one question. The risk of inconsistent rulings, though small before a single judge, is eliminated entirely. And nothing is lost: neither action is delayed, because both motions are ripe now.

Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court, which may consolidate related cases sua sponte." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286. Plaintiffs accordingly file this motion as much to bring the parallel proceedings to the Court's attention as to seek relief the Court could order on its own. Consent of the parties is not required. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383 (3d ed.).

## IV. No Party Can Be Prejudiced Because No Defendant Has Been Served or Has Appeared

The prejudice half of the balance is directed at parties before the court. Here there are none but Plaintiffs. No Defendant has been served in either action, none has appeared, and neither motion is opposed. There is no litigant whose rights could be affected by the sequence in which these two motions are decided, and no one to be confused by their being decided together.

Joint disposition would not relax the Court's independent obligations in either case. A court must still "satisfy [itself] that [it has] personal jurisdiction before entering judgment against an absent defendant." *Taitt v. Islamic Republic of Iran*, 664 F. Supp. 3d 63, 86 (D.D.C. 2023). That obligation is case-specific and survives joinder for hearing untouched, which is precisely the point: each action keeps its own jurisdictional inquiry, its own record, and its own judgment.

## V. This District Routinely Resolves § 1608 Service Questions for Multiple Iran Cases in a Single Opinion

The relief sought here is ordinary practice in this District. In *Murphy v. Islamic Republic of Iran*, 778 F. Supp. 2d 70 (D.D.C. 2011), the Court resolved questions of § 1608 service and the associated State Department fees arising across multiple FSIA actions against Iran, the IRGC, and MOIS in a single memorandum opinion and order, observing that "no matter how many defendants are parties to a particular case, for purposes of service the State Department receives one package, makes one delivery to the Embassy in Switzerland, and returns one confirmation of service to the Court." *Id.* at 73. In *Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 557, 558 (D.D.C. 2017), the Court addressed two uncontested motions to deem service effective in a single memorandum opinion and order. And in *Przewozman v. Islamic Republic of Iran*, 628 F. Supp. 3d 307 (D.D.C. 2022), the Court resolved § 1608(a)(3) service questions as to Iran, MOIS, and the IRGC in one opinion.

What those cases did across multiple defendants and multiple motions, this Court can do across two dockets presenting one question.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court join for hearing and decision, pursuant to Federal Rule of Civil Procedure 42(a)(1), the Motion for Alternative Service pending in this action and the Motion for Alternative Service pending in *Ocho Doe v. Islamic Republic of Iran*, No. 1:26-cv-01557-CRC, and resolve both motions in a single ruling, with each action otherwise proceeding separately and to its own judgment.

Pursuant to LCvR 7(c), a proposed order is submitted herewith. Conferral under LCvR 7(m) is impracticable because no Defendant has been served and no counsel has appeared.

Dated September 4, 2026

Respectfully submitted,

/s/Jeffrey D. Katz

Jeffrey D. Katz Bar#17071
JDKatz, P.C.
4800 Montgomery Avenue, Suite 600
Bethesda, MD 20814
Phone: (240) 743-5408
Email: Jeffrey@JDKatz.com